EXHIBIT A

<table>
<tr><td>DISTRICT COURT, DENVER COUNTY, STATE OF COLORADO<br><br>Court Address: 1437 Bannock Street<br>Denver, CO 80202<br><br>Telephone: 303-606-2300</td><td rowspan="2">DATE FILED<br>June 26, 2025 2:32 PM<br>FILING ID: 4F12A105A46C6<br>CASE NUMBER: 2025CV32301<br><br>▲ COURT USE ONLY ▲</td></tr>
<tr><td>Plaintiff: KAREN MONGE RAMOS, an individual<br><br>vs.<br><br>Defendant: WALMART, INC, a foreign corporation</td></tr>
<tr><td>Attorney for Plaintiff:<br>Adam Kehrli<br>Boesen Law, LLC<br>4100 E. Mississippi Avenue<br>19th Floor<br>Denver, Colorado 80246<br><br>Phone Number: 303.999.9999<br>Fax Number: 303.320.1915<br>Email Address: adam@boesenlaw.com<br>Atty. Reg. No.: 33210 (Adam Kehrli)</td><td>Case Number:<br><br>Division:</td></tr>
<tr><td colspan="2">COMPLAINT AND JURY DEMAND</td></tr>
</table>

Plaintiff, Karen Monge Ramos, by and through her attorneys, Adam B. Kehrli of Boesen Law, LLC, hereby submits her Complaint and Jury Demand and alleges as follows:

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Karen Monge Ramos ("Plaintiff") is a resident of the State of Colorado.

2. The incident that is the subject matter of this litigation occurred at Sam's Club with an address of 880 S. Abilene, Aurora, Colorado 80012.

3. Upon information and belief, the Sam's Club is owned and/or operated by Defendant Walmart, Inc.

EXHIBIT A

4. Defendant Walmart, Inc. ("Walmart" or "Defendant") is a foreign limited liability company with its principal offices located in Bentonville, AR.

5. Walmart's registered agent in the State of Colorado is CT Corporation System, 7700 E Arapahoe Rd Ste 220 Centennial, CO 80112.

6. Pursuant to C.R.C.P. 98(c)(1) venue is proper in this Court.

**GENERAL ALLEGATIONS**

7. Plaintiff incorporates herein by reference all prior allegations as if stated here.

8. On or about July 2, 2023, Plaintiff was lawfully on the premises of the Defendants, located at 880 S. Abilene, Aurora, Colorado 80012

9. Upon information and belief, the Defendant, collectively or individually, owned and operated the subject property.

10. As owner and operator of the property, Defendant was and is responsible for the condition of the property, including any common areas.

11. That on or about February 2, 2023, Plaintiff was an "invitee" on the premises of Defendant pursuant to C.R.S. § 13-21-115 since she was conducting business on the property by virtue of buying groceries.

12. At all times relevant, Defendant had a duty to maintain and eliminate dangerous conditions of the premises, including the proper maintenance and remediation of water and spillage on the premises.

13. At the date and time specified above; while shopping for groceries, Plaintiff slipped and fell on a patch of water which had formed near a garbage can.

14. Upon information and belief, the water accumulation was created by leaking ice bags being transported to the front of the store.

15. Upon information and belief, Defendant failed to timely or adequately remediate the water accumulation and its cause so as to make the premises safe for the general public.

16. It is both foreseeable and predictable that, in the absence of timely or water accumulation remediation, the water would be, and was, a dangerous condition.

17. At all times relevant herein, Defendant was in possession of the property in question and legally responsible for the condition of the premises or for the activities conducted or circumstances existing on the premises in question. Defendant has a non-delegable duty under C.R.S. § 13-21-115.

EXHIBIT A

18. Any comparative negligence of the Plaintiff was not a factor in causing or contributing to the cause of the subject incident and the injuries complained of herein.

19. Plaintiff has not failed to mitigate damages incurred as a result of the subject incident.

20. As a result of the subject incident, Plaintiff has suffered economic damages, non-economic damages, physical impairment, and physical disfigurement.

21. The conduct of a third party over whom the Defendant had no control was not a factor in causing or contributing to the subject incident and the injuries complained of herein.

22. Walmart is not entitled to the protection afforded by C.R.S. § 13-21-111.6 (Collateral Source) in connection with Plaintiff's Complaint.

23. Defendant is not entitled to the protection afforded by C.R.S. § 13-21-111.7 (Assumption of the Risk) in connection with Plaintiff's Complaint.

24. Defendant is not entitled to the protection afforded by C.R.S. § 13-21-111.6 (Responsible Non-Party) in connection with Plaintiff's Complaint.

25. As a direct and proximate result of the above-described incident, Plaintiff sustained injuries. Plaintiff has received treatment for the injuries caused as a result of the above-described incident.

26. As a further and proximate result of the above-described incident, Plaintiff incurred medical expenses, and experienced pain and suffering, together with loss of enjoyment of life, physical impairment, physical disfigurement, lost wages, and will continue to incur said medical expenses, and pain and suffering, loss of enjoyment of life, physical impairment, and physical disfigurement damages. In the future, Plaintiff may incur wage loss or medical expenses due to her injuries.

**FIRST CLAIM FOR RELIEF**
**(Premises Liability Pursuant to C.R.S. § 13-21-115)**

27. Plaintiff incorporates herein by reference paragraphs 1 through 26, as if fully stated.

28. On or about July 2, 2023, Plaintiff Karen Monge Ramos was on the common area of the subject property owned and/or operated by Walmart, Inc.

29. At all times material hereto, Plaintiff was an "invitee" of Walmart, and Walmart was a "landowner" pursuant to C.R.S. § 13-21-115.

30. Defendant, through its agents and/or employees, actually knew or should have known of the dangerous conditions which existed on the common area of the subject property.

EXHIBIT A

31. Walmart, through its agents and/or employees, failed to use reasonable care to protect invitees against the dangers or remove the dangerous conditions on the subject property.

32. Defendant, through its agents and/or employees, failed to warn invitees on the subject property of the dangerous conditions they knew or should have known about and failed to make corrective efforts to eliminate the dangerous conditions on the subject property.

33. Walmart, through its agents and/or employees, failed to take any remediation efforts or otherwise safeguard the common area from the dangers of, or remove, the dangerous conditions on the subject property.

34. Defendant was responsible for the condition of the subject property described herein, and its agents and/or employees unreasonably failed to exercise reasonable care to protect Plaintiff and others similarly situated.

35. Walmart unreasonably failed to exercise reasonable care by its agents and/or employees' failure to warn of the unreasonable danger to their invitees and are liable to Plaintiff for the damages caused.

36. As a direct and proximate result of the aforementioned failure(s) of Walmart, its agents, and/or employees, to protect invitees against the danger on the subject property, as described above, Plaintiff sustained injuries, as described herein. Plaintiff has received treatment for those injuries caused by the fall.

37. As a further and direct and proximate result of the above-described incident, Plaintiff incurred medical expenses, pain and suffering, together with loss of enjoyment of life, physical impairment, physical disfigurement, and will continue to incur medical expenses, pain and suffering, loss of enjoyment of life, physical impairment, and physical disfigurement damages.

**SECOND CLAIM FOR RELIEF**
**(Negligence)**

38. Plaintiff incorporates herein by reference paragraphs 1 through 37 as if fully stated.

39. Walmart had a duty to people permitted to enter the subject property, to operate and maintain the property in a safe condition.

40. Defendant, through its agents and/or employees, negligently created a dangerous condition on the subject property as more fully described above.

41. Walmart negligently failed to properly remediate the water accumulation in the common areas of the subject property, at or near the incident location, to ensure it was safe for persons below, and did not cause their patrons to fall and get injured.

EXHIBIT A

42. Walmart knew or should have known about the water accumulation of the subject property, at or near the incident location, and should have taken steps to ensure said location and common areas were safe such that people, like the Plaintiff, would not be injured.

43. Walmart, through its agents and/or employees, were further negligent in failing to warn people on the subject property via signs or taking other warning efforts designed to protect persons from dangerous conditions on the subject property, at or near the incident location.

44. Defendant failed to identify and/or remediate a dangerous condition it knew or should have known about.

45. As a direct and proximate result of the above-described incident, Plaintiff sustained injuries, as described herein. Plaintiff has received treatment for those injuries caused by the fall.

46. As a further and direct and proximate result of the above-described incident, Plaintiff incurred medical expenses, pain and suffering, together with loss of enjoyment of life, physical impairment, physical disfigurement, lost wages, and will continue to incur medical expenses, pain and suffering, loss of enjoyment of life, physical impairment, and physical disfigurement. In the future, Plaintiff may incur wage loss or medical expenses due to her injuries.

47. Defendant's negligence was the cause of Plaintiff's injuries, damages, and losses.

WHEREFORE, Plaintiff prays for judgment for all damages, including both economic and non-economic, against the Defendants in an amount to be determined at trial of the civil action, together with costs, pre- and post-judgment interest, and such other and further relief as the Court deems proper.

Respectfully submitted this 26th day of June 2025.

Respectfully submitted,

BOESEN LAW, LLC

*/s/ Adam Kehrli*
Adam Kehrli, #33210

Plaintiff's address
3626 S. Granby Way, Apt. L6
Aurora, CO 80014